# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 14-262 |
| | ) | Judge Nora Barry Fischer |
| RAMON COCA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion in Limine Concerning the Contents of E-mail Exchanges, (Docket No. 123), and the Government's response in opposition, (Docket No. 131). After careful consideration of the parties' submissions, the standards governing the admissibility of evidence, and for the following reasons, Defendant's Motion in Limine Concerning the Contents of E-mail Exchanges is DENIED, in part, and GRANTED, in part.

In so holding, the Court notes that this criminal case is scheduled to commence jury selection and trial on March 6, 2017. Defendant Ramon Coca is charged at Count One with one count of the distribution of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2), from on or about March 20, 2012, to on or about March 29, 2012. (Docket No. 3). Defendant is charged at Count Two with one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B), on or about February 22, 2013. (*Id.*).

In his motion, Defendant argues that the Government's Exhibits 1 through 7 — which are e-mail exchanges between roblowe6969@yahoo.com and jesusweptone@gmail.com — are unduly prejudicial because they contain references to perverse sexual, violent, and obscene interests, such as bestiality, incest, rape, and babies. (*Id.* at 2-3). Defendant includes proposed redactions to the e-mails. (*Id.* at 3-5).

Pursuant to the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010). Pertinent here, the advisory notes to Rule 403 state that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note.

To prove that Defendant committed the crime of distribution of child pornography, the Government must show that: (1) Defendant knowingly distributed a visual depiction of a minor in interstate or foreign commerce or using an instrument of interstate commerce, by any means, including by computer or through the United States mail; (2) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and (3) the visual depiction is of such conduct. 18 U.S.C. § 2252(a)(2).

As the Government argues, "[b]ecause those emails contain statements which go to the heart of the knowledge element of the distribution count they are extremely probative." (Docket No. 131 at 9). Courts within the Third Circuit have consistently held that the probative value of similar evidence outweighs its prejudicial value. *See, e.g.*, *United States v. Cox*, No. 11-CR-99, 2011 U.S. Dist. LEXIS 118759, at *15 (D.N.J. Oct. 13, 2011) (admitting explicit e-mail communications because they were "highly probative of how much Defendant knew about what

the video files contained, and, in turn, his intent to distribute notwithstanding that knowledge"). Within the Court's District, it has been held that "in a case involving sex, pornography, and children, it would be wholly impracticable to expect or require counsel to object to, or the Court to exclude, all relevant graphic, prejudicial, or vulgar evidence." *United States v. Nestor*, No. 07-CR-369, 2010 U.S. Dist. LEXIS 124298, at *11 (W.D. Pa. Nov. 23, 2010). As the Government has pointed out, this District has also held that the probative value of thirteen video segments depicting minors engaging in sexually explicit acts outweighed their prejudicial value. *United States v. Finley*, 726 F.3d 483, 493 (3d Cir. 2013). In affirming the District Court, the Third Circuit held that (1) "the videos and images were probative of [the defendant's] knowledge that he was receiving, distributing, and possessing child pornography;" and (2) "although some of the videos were extremely disturbing and absolutely prejudicial, their presentation was not unfairly prejudicial to the point where *unfair* prejudice substantially outweighed probative value." *Id.* at 493-94 (emphasis in original). The Court agrees with the Government's assessment that "Defendant Coca's claims relating to the 'unfair prejudice' of the words in the emails are less persuasive than the claims made by the defendant in *Finley*, where the arguments for exclusion under Rule 403 were being made as to several graphic videos, not merely words in some emails." (Docket No. 131 at 9).

As a final matter, the Court notes that Defendant has failed to provide any authority within this jurisdiction that supports his argument. Instead, Defendant relies upon cases outside of this jurisdiction where videos, not e-mails, were deemed inadmissible under Rule 403. (*See* Docket No. 123 at 3). Moreover, Defendant concedes that the Government will introduce only seven of nineteen e-mails sent between roblowe6969@yahoo.com and jesusweptone@gmail.com. (*Id.* at 2). The Government has also stated that it will present only

3

five seconds of a single video and three still images out of a collection consisting of 3,800 images and numerous videos. (Docket No. 131 at 8 n.5). Such circumstances further support the Court's finding that the contents of the Government's Exhibits 1 through 7 are admissible and not unduly prejudicial. *See, e.g.*, *Finley*, 726 F.3d at 494 (noting that the Government showed "only thirteen video segments and two images of what was a collection of more than 30,000 videos and images") (footnote omitted); *Cox*, 2011 U.S. Dist. LEXIS 118759, at *16 (noting that "the Government has made efforts to significantly reduce the e-mails presented from those collected pursuant to the Yahoo! Search Warrant, and it intends only to introduce summary evidence rather than explicit images or detailed descriptions of the content of the video files allegedly distributed by Defendant").

Alternatively, Defendant requests that the Court read a limiting instruction to the jury to ensure that the e-mails are not considered for an improper purpose. (Docket No. 123 at 6). The Court finding such an instruction appropriate,[1] and the Government having not objected, Defendant's request will be granted. *See, e.g.*, *United States v. Schene*, 543 F.3d 627, 643-44 (10th Cir. 2008) (holding that the district court did not abuse its discretion in admitting e-mails that contained images of child pornography and instructing the jury that "to the extent that this evidence relates to anything other than the specific files that are charged in the indictment . . . it's to be considered only as it bears on the defendant's knowledge or intent, and you should consider it only for that limited purpose").

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion in Limine Concerning the Contents of E-mail Exchanges, (Docket No. [123]), is DENIED, in part, and GRANTED, in part, as follows:

---

[1] Previously, the Court ordered Defendant to file a proposed instruction. (Docket No. 125).

(1) Defendant's Motion in Limine to redact portions of the Government's Exhibits 1 through 7 is DENIED; and

(2) Defendant's alternative request that the Court read a limiting instruction to the jury is GRANTED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 17, 2017

cc/ecf: All counsel of record